## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **ADA MORALES** | : | |
| | : | |
| **v.** | : | **C.A. NO.: 12-301-M-DLM** |
| | : | |
| **BRUCE CHADBOURNE,** | : | |
| **DAVID RICCIO, EDWARD DONAGHY,** | : | |
| **GREG MERCURIO, ICE DOES 1-5,** | : | |
| **RHODE ISLAND DOES 1-10,** | : | |
| **ASHBEL T. WALL,** | : | |
| **and the UNITED STATES** | : | |

### ANSWER OF ASHBEL T. WALL

Defendant, Ashbel T. Wall in his official and individual capacities as Director of the R.I. Department of Corrections ("RIDOC"), hereby Answer Plaintiff's Amended Complaint as follows:

1.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Amended Complaint and therefore denies these allegations.  This Defendant denies that he violated Plaintiff's constitutional rights by illegally detaining her.

2.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's Amended Complaint and therefore denies these allegations.  Upon information and belief, Plaintiff had not previously been imprisoned by RIDOC.

3.   This Defendant is unaware of the circumstances surrounding the "prior occasion" Plaintiff alleges that she was detained and therefore denies any allegation relating to that occurrence.  With respect to the detention that occurred in May 2009, this Defendant admits only that Plaintiff was detained for less than 24 hours based solely on the immigration detainer.  To the extent Paragraph 3 of the Amended Complaint sets forth additional allegations, they are denied.

4.   Paragraph 4 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.  Moreover, this Defendant is without knowledge of any communication between the Federal government and Plaintiff and therefore denies that allegation.

5.   Paragraph 5 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

6.      Paragraph 6 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

7.      Paragraph 7 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, Plaintiff is left to her burden of proof.

8.      Paragraph 8 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

9.      This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of Plaintiff's Amended Complaint and therefore denies these allegations.

10.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of Plaintiff's Amended Complaint and therefore denies these allegations.

11.     This Defendant is unaware of the circumstances surrounding the "prior occasion" Plaintiff alleges that she was detained and therefore denies any allegation relating to that occurrence.  With respect to the detention that occurred in May 2009, this Defendant denies that he unlawfully detained Plaintiff.

12.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of Plaintiff's Amended Complaint and therefore denies these allegations.

13.     This Defendant denies that he unlawfully detained Plaintiff as asserted in paragraph 13 of Plaintiff's Amended Complaint.  Moreover, this Defendant denies the characterization of the facts contained within paragraph 13.

14.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of Plaintiff's Amended Complaint and therefore denies these allegations.

15.     Paragraph 15 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

16.     Paragraph 16 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

17.     Paragraph 17 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

18.     Paragraph 18 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

19.     Paragraph 19 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

20.     Paragraph 20 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

21.     A.T. Wall admits that he is being sued in his individual and official capacities as Director of RIDOC.  The remaining allegations contained within paragraph 21 of Plaintiff's Amended Complaint do not pertain to this Defendant; to the extent an answer is required, it is denied.

22.     A.T. Wall admits that he is being sued in his individual and official capacities as Director of RIDOC.  The remaining allegations contained within paragraph 22 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

23.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of Plaintiff's Amended Complaint and therefore denies these allegations.

24.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of Plaintiff's Amended Complaint and therefore denies these allegations.

25.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of Plaintiff's Amended Complaint and therefore denies these allegations.

26.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of Plaintiff's Amended Complaint and therefore denies these allegations.

27.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of Plaintiff's Amended Complaint and therefore denies these allegations.

28.     This Defendant admits only that Plaintiff was in the DOC's care, custody and control from May 2, 2009 to May 5, 2009.  To extent other allegations are alleged in paragraph 28, they are denied.

29.     This Defendant denies that he or anyone at RIDOC relayed Plaintiff's information to ICE based on her race, ethnicity or national origin.

30.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of Plaintiff's Amended Complaint and therefore denies these allegations.

31.   This Defendant admits only that ICE faxed an immigration detainer to RIDOC on May 4, 2009 at 8:32 a.m.   To the extent paragraph 31 of Plaintiff's Amended Complaint contains additional allegations or legal conclusions, they are denied.

32.   The document speaks for itself.  If an answer is required, admit.

33.   The document speaks for itself.  If an answer is required, admit.

34.   This Defendant admits only that it received an immigration detainer from ICE and that RIDOC relied on the detainer when detaining Plaintiff an additional night. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 34 of Plaintiff's Amended Complaint and therefore denies these allegations.

35.   Paragraph 35 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

36.   The document speaks for itself.  Although this Defendant admits that the detainer's space for a "file number" was blank, upon review of the form there is no space to insert an "Alien Registration Number" or "Alien File Number" on the form.

37.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of Plaintiff's Amended Complaint and therefore denies these allegations.

38.   Paragraph 38 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

39.   Paragraph 39 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

40.   Paragraph 40 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

41.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of Plaintiff's Amended Complaint and therefore denies these allegations.

42.   Admit.

43.   This Defendant can only admit that Judge Harwood set bail at $10,000 personal recognizance.  This Defendant is without knowledge or information sufficient to form a belief as to the exact words stated by the Court.

4

44.	This Defendant can only admit that Judge Harwood set bail at $10,000 personal recognizance.  This Defendant is without knowledge or information sufficient to form a belief as to the exact words stated by the Court.

45.	This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of Plaintiff's Amended Complaint and therefore denies these allegations.

46.	Paragraph 46 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

47.	This Defendant admits that an inmate returning from Court would be subject to a strip search.  RIDOC asserts that this is reasonable pursuant to <u>Florence v. Board of Chosen Freeholders of County of Burlington</u>, 132 S.Ct. 1510 (U.S. 2012).

48.	This Defendant denies the allegations contained within paragraph 48 of Plaintiff's Amended Complaint.

49.	This Defendant denies the allegations contained within paragraph 49 of Plaintiff's Amended Complaint.

50.	The document speaks for itself.  If an answer is required, admit.

51.	Paragraph 51 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

52.	RIDOC only admits that the detainer was not cancelled on Monday, May 4, 2009.  The remaining allegations within Paragraph 52 of Plaintiff's Amended Complaint do not pertain to this Defendant; to the extent an answer is required, it is denied.

53.	Denied.

54.	This Defendant denies all allegations contained within paragraph 54 of the Amended Complaint and explicitly denies that he deprived Plaintiff of her basic medical needs.

55.	Denied.

56.	This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of Plaintiff's Amended Complaint and therefore denies these allegations.

57.	Admit.

58.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of Plaintiff's Amended Complaint and therefore denies these allegations.

59.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of Plaintiff's Amended Complaint and therefore denies these allegations.

60.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of Plaintiff's Amended Complaint and therefore denies these allegations.

61.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of Plaintiff's Amended Complaint and therefore denies these allegations.

62.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of Plaintiff's Amended Complaint and therefore denies these allegations.

63.   Paragraph 63 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

64.   Paragraph 64 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

65.   Denied.

66.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of Plaintiff's Amended Complaint and therefore denies these allegations.

67.   Denied.

68.   This Defendant admits only that during the intake process all persons are asked certain questions with respect to his/her national origin and that ICE would have access to this information from RIDOC's INFACTS computer system.   The remaining allegations within paragraph 68 are denied.

69.   This Defendant denies paragraph 69 of Plaintiff's Amended Complaint.

70.   Paragraph 70 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

71.   Paragraph 71 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

72.     The document speaks for itself.  If an answer is required, admit.

73.     Paragraph 73 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

74.     Denied.

75.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of Plaintiff's Amended Complaint and therefore denies these allegations.

76.     This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of Plaintiff's Amended Complaint and therefore denies these allegations.

77.     Paragraph 77 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

78.     Paragraph 78 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

79.     RIDOC admits only that, at the time of the Complaint, it complied with all immigration detainers issued by ICE.  The remaining allegations contained within Paragraph 79 states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

80.     With respect to this Defendant, paragraph 80 is denied.   To the extent the allegations contained within paragraph 80 of the Amended Complaint pertain to other defendants, it is not known and therefore denied.

81.     Paragraph 81 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

82.     Paragraph 82 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

83.     Paragraph 83 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

84.     Paragraph 84 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

85.     Paragraph 85 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

86.   This Defendant denies the allegations contained within paragraph 86 of Plaintiff's Amended Complaint.

87.   This Defendant denies the allegations contained within paragraph 87 of Plaintiff's Amended Complaint.

88.   This Defendant denies the allegations contained within paragraph 88 of Plaintiff's Amended Complaint.

89.   Denied.

90.   This Defendant denies the allegations contained within paragraph 90 of Plaintiff's Amended Complaint.

91.   Denied.

92.   Paragraph 92 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

93.   Paragraph 93 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

94.   Paragraph 94 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

95.   Paragraph 95 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

96.   Paragraph 96 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

97.   Paragraph 97 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

98.   Paragraph 98 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

99.   Paragraph 99 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

100.  Paragraph 100 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

## COUNT I

101.   Defendant incorporates by reference its responses to paragraphs 1-100 as if fully set forth herein

102.   Paragraph 102 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

103.   Paragraph 103 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

104.   Paragraph 104 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT II

105.   Defendant incorporates by reference its responses to paragraphs 1-104 as if fully set forth herein

106.   Paragraph 106 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

107.   Paragraph 107 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

108.   Paragraph 108 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT III

109.   Defendant incorporates by reference its responses to paragraphs 1-108 as if fully set forth herein.

110.   Paragraph 110 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, Plaintiff is left to her burden of proof.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT IV

111.   Defendant incorporates by reference its responses to paragraphs 1-110 as if fully set forth herein.

112.   Paragraph 112 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

113.   Denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT V

114.   Defendant incorporates by reference its responses to paragraphs 1-113 as if fully set forth herein.

115.   Paragraph 115 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

116.   Denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT VI

It is this Defendants' understanding that Count VI has been withdrawn. To the extent it has not been withdrawn, all allegations contained within Count VI are denied.

## COUNT VII

121.   Defendant incorporates by reference its responses to paragraphs 1-120 as if fully set forth herein.

122.   Denied.

123.   Paragraph 123 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

124.    Paragraph 124 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

125.    Paragraph 125 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT VIII

126.    Defendant incorporates by reference its responses to paragraphs 1-125 as if fully set forth herein.

127.    Paragraph 127 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

128.    Paragraph 128 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT IX

129.    Defendant incorporates by reference its responses to paragraphs 1-128 as if fully set forth herein.

130.    Paragraph 130 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

131.    Paragraph 131 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

132.    Paragraph 132 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

133.    Paragraph 133 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

134.    Paragraph 134 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT X

135. Defendant incorporates by reference its responses to paragraphs 1-134 as if fully set forth herein.

136. Paragraph 136 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

137. Paragraph 137 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

138. Paragraph 138 of Plaintiff's Amended Complaint does not pertain to this Defendant; to the extent an answer is required, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

## COUNT XI

139. Defendant incorporates by reference its responses to paragraphs 1-138 as if fully set forth herein.

140. Paragraph 140 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

141. Paragraph 141 of Plaintiff's Amended Complaint states a legal conclusion to which no response is necessary; to the extent it alleges facts, it is denied.

WHEREFORE, this Defendant respectfully requests that Plaintiff's Amended Complaint be dismissed; that Judgment enter for this Defendant; that costs and attorney's fees be awarded to this Defendant and such other and further relief as justice may require.

**DEFENDANT HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS AND CLAIMS SO TRIABLE**

Respectfully submitted,

DEFENDANT
A.T. Wall, in his individual
and official capacities as Director of
RIDOC

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

/s/ Adam J. Sholes
Adam J. Sholes, Esq. (Bar No. 7204)
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel.: (401) 274-4400, Extension 2219
Fax: (401) 222-3016
ajsholes@riag.ri.gov

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. In particular, this Defendant lawfully detained the Plaintiff.

### Second Affirmative Defense

This Defendant has the benefit of the State's status as sovereign, together with all privileges and immunities, which insure to said sovereign status.

### Third Affirmative Defense

At all times material to the matters alleged in the Amended Complaint, this Defendants and RIDOC, its officers, agents and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed.

## Fourth Affirmative Defense

This Defendant is entitled to the defenses of absolute and qualified immunity.  In addition, this Defendant asserts that he is not a proper party defendant in his individual or personal capacity.

## Fifth Affirmative Defense

This Defendant pleads the doctrine of judicial immunity.

## Sixth Affirmative Defense

The applicable Statute of Limitations may bar Plaintiff's Complaint.

## Seventh Affirmative Defense

This Defendant asserts any and all applicable defenses relating to the doctrine of discretionary immunity.

## Eighth Affirmative Defense

This Defendant is immune based on the public duty doctrine.

## Ninth Affirmative Defense

Punitive damages are not recoverable against this Defendant.

## Tenth Affirmative Defense

The acts complained of were caused solely by third parties not acting under color of State law.

## Eleventh Affirmative Defense

This Defendant was lawfully acting pursuant to an immigration detained issued by Co-Defendants and have all the benefits of law that emanate there from.

## Twelfth Affirmative Defense

The alleged acts or omissions of this Defendant was not a conscious disregard of Plaintiff's rights; were not intentional and willful; and were not in violation of Federal or State law.

## Thirteenth Affirmative Defense

The alleged acts or omissions of Defendant do not constitute actual fraud, willful misconduct, or actual malice in violation of Federal or State law.

### THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS

WHEREFORE, this Defendant prays that the Amended Complaint be dismissed and that it be awarded reasonable attorney's fees, costs and such other relief as is proper.

Respectfully submitted,

DEFENDANT
A.T. Wall, in his individual
and official capacities as Director of
RIDOC

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

/s/ Adam J. Sholes
Adam J. Sholes, Esq. (Bar No. 7204)
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel.: (401) 274-4400, Extension 2219
Fax: (401) 222-3016
ajsholes@riag.ri.gov

## CROSS-CLAIM AGAINST CO-DEFENDAT, BRUCE CHADBOURNE

Defendant, Ashbel T. Wall in his official and individual capacities as Director of the R.I. Department of Corrections ("RIDOC") hereby submits its cross-claim against Co-Defendant Bruce Chadbourne, as follows:

1.   Plaintiff, Ada Morales has commenced this action against this Defendant alleging that as a result of complying with an immigration detainer issued from, or by the authority of Co-Defendant Bruce Chadbourne, RIDOC is legally responsible for her wrongful imprisonment as detailed in her Complaint.

2.   Co-Defendant, Bruce Chadbourne is a co-party in the instant action.

3.   RIDOC denies any and all allegations attributed to the RIDOC arising out of or allegedly caused by the imprisonment that occurred on or about May 4-5, 2009

15

and, therefore, deny any and all legal responsibility for the alleged injuries, losses and damages allegedly suffered by Plaintiff.

4.    If notwithstanding such denial of liability, RIDOC is deemed to be liable or legally responsible for any or all of the alleged injuries, losses and damages allegedly suffered by the Plaintiff, this Defendant is entitled to contribution and/or indemnification for same from Co-Defendant, Bruce Chadbourne, as the acts and/or omissions of said Defendant were the sole and/or contributing, proximate cause of such alleged injuries, losses and damages.

    **WHEREFORE**, this Defendant hereby demands judgment against Co-Defendant, Bruce Chadbourne for contribution and/or indemnification for any and all sums this Defendant may be deemed to be liable or legally responsible for with regard to Plaintiff, plus statutory interest and costs and that this Defendant be awarded reasonable attorney's fees, costs, and other such relief as this Honorable Court deems proper and just.

**THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.**

Respectfully submitted,

DEFENDANT
A.T. Wall, in his individual
and official capacities as Director of
RIDOC

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

/s/ Adam J. Sholes
Adam J. Sholes, Esq. (Bar No. 7204)
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel.: (401) 274-4400, Extension 2219
Fax: (401) 222-3016
ajsholes@riag.ri.gov

**CROSS-CLAIM AGAINST CO-DEFENDAT, DAVID RICCIO**

    Defendant, Ashbel T. Wall in his official and individual capacities as Director of the R.I. Department of Corrections ("RIDOC") hereby submits its cross-claim against Co-Defendant David Riccio, as follows:

25

1.      Plaintiff, Ada Morales has commenced this action against this Defendant alleging that as a result of complying with an immigration detainer issued from, or by the authority of Co-Defendant David Riccio, RIDOC is legally responsible for her wrongful imprisonment as detailed in her Complaint.

2.      Co-Defendant, David Riccio is a co-party in the instant action.

3.      RIDOC denies any and all allegations attributed to the RIDOC arising out of or allegedly caused by the imprisonment that occurred on or about May 4-5, 2009 and, therefore, deny any and all legal responsibility for the alleged injuries, losses and damages allegedly suffered by Plaintiff.

4.      If notwithstanding such denial of liability, RIDOC is deemed to be liable or legally responsible for any or all of the alleged injuries, losses and damages allegedly suffered by the Plaintiff, this Defendant is entitled to contribution and/or indemnification for same from Co-Defendant, David Riccio, as the acts and/or omissions of said Defendant were the sole and/or contributing, proximate cause of such alleged injuries, losses and damages.

        **WHEREFORE**, this Defendant hereby demands judgment against Co-Defendant, David Riccio for contribution and/or indemnification for any and all sums this Defendant may be deemed to be liable or legally responsible for with regard to Plaintiff, plus statutory interest and costs and that this Defendant be awarded reasonable attorney's fees, costs, and other such relief as this Honorable Court deems proper and just.

**THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.**

                        Respectfully submitted,

                        DEFENDANT
                        A.T. Wall, in his individual
                        and official capacities as Director of
                        RIDOC

                        By his Attorney,

                        PETER F. KILMARTIN
                        ATTORNEY GENERAL

                        /s/ Adam J. Sholes_____
                        Adam J. Sholes, Esq. (Bar No. 7204)
                        Special Assistant Attorney General
                        R.I. Department of Attorney General
                        150 South Main Street
                        Providence, RI 02903-2907
                        Tel.: (401) 274-4400, Extension 2219
                        Fax: (401) 222-3016
                        ajsholes@riag.ri.gov

## CROSS-CLAIM AGAINST CO-DEFENDAT, EDWARD DONAGHY

Defendant, Ashbel T. Wall in his official and individual capacities as Director of the R.I. Department of Corrections ("RIDOC") hereby submits its cross-claim against Co-Defendant Edward Donaghy, as follows:

1.   Plaintiff, Ada Morales has commenced this action against this Defendant alleging that as a result of complying with an immigration detainer issued from, or by the authority of Co-Defendant Edward Donaghy, RIDOC is legally responsible for her wrongful imprisonment as detailed in her Complaint.

2.   Co-Defendant, Edward Donaghy is a co-party in the instant action.

3.   RIDOC denies any and all allegations attributed to the RIDOC arising out of or allegedly caused by the imprisonment that occurred on or about May 4-5, 2009 and, therefore, deny any and all legal responsibility for the alleged injuries, losses and damages allegedly suffered by Plaintiff.

4.   If notwithstanding such denial of liability, RIDOC is deemed to be liable or legally responsible for any or all of the alleged injuries, losses and damages allegedly suffered by the Plaintiff, this Defendant is entitled to contribution and/or indemnification for same from Co-Defendant, Edward Donaghy, as the acts and/or omissions of said Defendant were the sole and/or contributing, proximate cause of such alleged injuries, losses and damages.

**WHEREFORE**, this Defendant hereby demands judgment against Co-Defendant, Edward Donaghy for contribution and/or indemnification for any and all sums this Defendant may be deemed to be liable or legally responsible for with regard to Plaintiff, plus statutory interest and costs and that this Defendant be awarded reasonable attorney's fees, costs, and other such relief as this Honorable Court deems proper and just.

**THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.**

Respectfully submitted,

DEFENDANT
A.T. Wall, in his individual
and official capacities as Director of
RIDOC

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

/s/ Adam J. Sholes
Adam J. Sholes, Esq. (Bar No. 7204)
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel.: (401) 274-4400, Extension 2219
Fax: (401) 222-3016
ajsholes@riag.ri.gov

**CROSS-CLAIM AGAINST CO-DEFENDAT, UNITED STATES**

Defendant, Ashbel T. Wall in his official and individual capacities as Director of the R.I. Department of Corrections ("RIDOC") hereby submits its cross-claim against Co-Defendant United States of America, as follows:

1.   Plaintiff, Ada Morales has commenced this action against this Defendant alleging that as a result of complying with an immigration detainer issued from, or by the authority of Co-Defendant United States, RIDOC is legally responsible for her wrongful imprisonment as detailed in her Complaint.

2.   Co-Defendant, United States is a co-party in the instant action.

3.   RIDOC denies any and all allegations attributed to the RIDOC arising out of or allegedly caused by the imprisonment that occurred on or about May 4-5, 2009 and, therefore, deny any and all legal responsibility for the alleged injuries, losses and damages allegedly suffered by Plaintiff.

4.   If notwithstanding such denial of liability, RIDOC is deemed to be liable or legally responsible for any or all of the alleged injuries, losses and damages allegedly suffered by the Plaintiff, this Defendant is entitled to contribution and/or indemnification for same from Co-Defendant, United States, as the acts and/or omissions of said Defendant were the sole and/or contributing, proximate cause of such alleged injuries, losses and damages.

**WHEREFORE**, this Defendant hereby demands judgment against Co-Defendant, United States for contribution and/or indemnification for any and all sums this Defendant may be deemed to be liable or legally responsible for with regard to Plaintiff, plus statutory interest and costs and that this Defendant be awarded reasonable attorney's fees, costs, and other such relief as this Honorable Court deems proper and just.

**THIS DEFENDANT DEMANDS A JURY TRIAL ON ALL COUNTS.**

Respectfully submitted,

DEFENDANT
A.T. Wall, in his individual
and official capacities as Director of
RIDOC

By his Attorney,

PETER F. KILMARTIN
ATTORNEY GENERAL

/s/ Adam J. Sholes_____
Adam J. Sholes, Esq. (Bar No. 7204)
Special Assistant Attorney General
R.I. Department of Attorney General
150 South Main Street
Providence, RI 02903-2907
Tel.: (401) 274-4400, Extension 2219
Fax: (401) 222-3016
ajsholes@riag.ri.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on February 25, 2014.

/s/Adam J. Sholes_____